UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

WARNER BROS. ENTERTAINMENT
INC., DC COMICS, SANRIO, INC.,
DISNEY ENTERPRISES, INC.,
and NIKE, INC.,

      Plaintiffs,

vs.

NOEL FORTI-AHORRIO; et al.,

      Defendants.

CIVIL NO.: 3:14-cv-01098-JAG-MEL

SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR ENTRY OF
PERMANENT INJUNCTION AGAINST ELIDIO GONZALEZ-VELEZ

Plaintiffs, Warner Bros. Entertainment Inc., DC Comics, Sanrio, Inc., Disney Enterprises, Inc., and NIKE, Inc., (hereinafter "Plaintiffs"), by and through their undersigned attorneys, and Defendants, Elidio Gonzalez-Velez (hereinafter "Gonzalez") and Caribbean Novelty, Inc. (hereinafter "CNI") (Gonzalez and CNI will collectively be referred to as the "Defendants" or "Caribbean Novelty"), hereby enter into the following Settlement Agreement and Joint Stipulation for Entry of Permanent Injunction (hereinafter, "Agreement"):

1. Defendants agree and stipulate to the following facts and findings:

    A.    This Court has jurisdiction over the Plaintiffs and the Defendants and the Subject Matter of this action.

B. The Plaintiffs are the owners of the distinctive trademarks and copyrighted properties identified by the registrations indexed as Exhibits A and B to the Complaint and hereinafter referred to as the "Trademarks and Copyrights". The registrations are valid and subsisting and are conclusive proof of the Plaintiffs' rights to the Trademarks and Copyrights.

C. Defendants have never been authorized by the Plaintiffs to manufacture, sell, offer for sale, advertise, promote, market, display, or distribute merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Trademarks and Copyrights, or bearing any design that is of a substantially similar appearance to the Trademarks and Copyrights.

D. Gonzalez specifically denies all liability but enters into this Agreement freely and voluntarily.

E. The Plaintiffs are suffering and have suffered irreparable injury as a result of Defendants manufacture, distribution, display, sale, advertisement, promotion, marketing, or offer for sale of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Trademarks and Copyrights, or bearing a design that is of a substantially similar appearance to the Trademarks and Copyrights. The Plaintiffs will continue to suffer irreparable harm and injury should a Permanent Injunction not be issued.

F. A Default Judgment and Permanent Injunction was entered in the Plaintiffs' favor and against CNI on January 11, 2017, in the total amount of Twenty

Thousand Dollars ($20,000) (hereinafter the "CNI Judgment and Injunction") (Doc. No. 259)

G. Plaintiffs thereafter executed on the CNI Judgment and Injunction and attached a total of Sixteen Thousand, One Hundred and Thirty-Three Dollars and Eight Seven Cents ($16,133.87) from bank accounts related to the Defendants (hereinafter known as the "Attached Funds". The Attached Funds consisted of Seven Thousand Five Hundred Twenty-Five Dollars and Thirty Cents ($7,525.30) deposited with the Clerk of the Court by Banco Popular on May 26, 2017, Receipt Number PRX100049710 and Eight Thousand Six Hundred Eight Dollars and Fifty-Seven Cents (8,608.57) deposited with the Clerk of the Court by Banco Popular on May 26, 2017, Receipt Number PRX100049711. The Attached Funds were subsequently ordered disbursed by the Court on June 16, 2017, and are currently in the Plaintiffs' counsel's possession held in trust. (Doc. No. 409.)

2. Without making any admission of liability or wrongdoing, Gonzalez agrees to immediately refrain from the manufacture, sale, offering for sale, advertising, promotion, marketing, distributing, or other commercial exploitation of any kind of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Trademarks and Copyrights, or bearing a design that is of a substantially similar appearance to the Trademarks and Copyrights.

3. Gonzalez, his officers, directors, agents, employees, affiliates, divisions, and subsidiaries agree that, in the future, they shall not design, manufacture, export, import, distribute, offer for sale, sell, or otherwise traffic in any goods bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the

Trademarks and Copyrights, or bearing a design that is of a substantially similar appearance to the Trademarks and Copyrights.

4. Defendants agree and stipulate that they have no infringing or counterfeit merchandise bearing the Trademarks or Copyrights in their possession or control or, that if they have such remaining infringing or counterfeit merchandise in their possession or control, they will turn over such merchandise to Plaintiffs' counsel upon execution of this Agreement.

5. Defendants shall pay Twenty-One Thousand One Hundred Thirteen Dollars and Eighty-Seven Cents ($21,133.87) (hereinafter the "Settlement Amount") to the Plaintiffs in complete settlement of this matter. The Settlement Amount shall be paid as follows:

    A. Plaintiffs shall retain the Attached Funds totaling Sixteen Thousand, One Hundred and Thirty-Three Dollars and Eighty-Seven Cents ($16,133.87);

    B. Defendants shall pay Plaintiffs an additional Five Thousand Dollars ($5,000.00) upon execution of the Settlement Agreement. All settlement funds shall be made payable to Holihan Law Trust Account via cashiers or certified check and shall be delivered to the following address:

<div align="center">
Holihan Law<br>
1101 North Lake Destiny Road<br>
Suite 275<br>
Maitland, Florida 32751
</div>

6. Gonzalez stipulates and agrees to entry of a Permanent Injunction and Final Order against him in the form attached as Exhibit 1 forever enjoining him from the

design, manufacture, sale, offer for sale, advertising, promotion, marketing, distribution, or other commercial exploitation of any kind of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Trademarks and Copyrights, or bearing a design that is of a substantially similar appearance to the Trademarks and Copyrights.

7. Upon Defendants' full and timely payment of the Settlement Funds provided for in paragraph 5 above, Plaintiffs will provide CNI with a Satisfaction of Judgment concerning the Final Judgment entered against it on January 11, 2018. CNI acknowledges and stipulates that the Permanent Injunction and Final Order shall remain in full force and effect.

8. Defendants, on behalf of themselves, their partners, representatives, agents, attorneys, employees, successors, affiliates, employers, heirs, and assigns, and each of them, hereby release and forever discharge Plaintiffs and their past, present, and future officers, directors, franchisees, employees, employers, attorneys, partners, agents, heirs, beneficiaries, subsidiary, successor, or predecessor corporations or partnerships, affiliates, assigns, and each of them, of and from any and all claims, demands, allegations, obligations, costs, damages, fees, or causes of action of any nature whatsoever arising out of their personal or business relations to date including, but not limited to, any claims relating to Plaintiffs' allegation of Defendant's sale or distribution of counterfeit or infringing merchandise bearing the Plaintiffs' exclusive Trademarks and/or Copyrights, or claims arising out of the Plaintiffs' prosecution, collection, attachment and/or

execution of any judgment or order issued in the above captioned matter or any and all claims which may have been brought by the Defendants in this action.

9. Plaintiffs jointly move with Gonzalez for this Court to enter a Permanent Injunction and Final Order with respect to Gonzalez as provided for in the proposed Permanent Injunction and Final Order attached as Exhibit 1. Plaintiffs and Gonzalez stipulate and move that the Permanent Injunction shall remain in full force and effect after the Court enters the Final Order and, further, that this Court retain jurisdiction over this matter to enforce the terms of this Agreement and Permanent Injunction.

Date: April 16, 2018

/s/ Michael W.O. Holihan
Michael W. O. Holihan
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: 407.660.8575
Fax: 407.660.0510
michael.holihan@holihanlaw.com
Attorneys for Plaintiffs

Date: April 19, 2018

Jean Paul Vissepó Garriga
USDCPR Bar Number 221504
P.O. Box 367116
San Juan, PR 00936-7116
jp@vissepolaw.com
Attorneys for Elidio Gonzalez-Velez

Date: April 16, 2018

/s/ Marta L. Rivera-Ruiz
Marta L. Rivera-Ruiz
USDC-PR No. 221201
Arturo Diaz-Angueira
USDC-PR No. 117907
Cancio, Nadal, Rivera & Diaz
P.O. Box 364966
San Juan, P.R., 00936-4966

Date: April 19, 2018

Jane Becker Whitaker
USDCPR Bar Number 205110
Law Offices of Jane Becker Whitaker
P.O. Box 9023914
San Juan, PR 00902-3914
Telephone: 787-754-9191
Fax: 787-764-3101

Telephone: 787.767.9625
Fax: 787.622.2229
E-mail: mrivera@cnrd.com
adiaz@cnrd.com
Attorneys for Plaintiffs

janebeckerwhitaker@gmail.com
Attorneys for Caribbean Novelty, Inc.

Date: _____April 19, 2018_____

_____
Elidio Gonzaléz-Velez

Date: _____April 19, 2018_____

_____
Elidio Gonzaléz-Velez
For Caribbean Novelty, Inc.

Its: _____